# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW NEIGHBORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-4028-DDC |
| | ) |
| JUDGE BRANDON SMITH, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter comes before the court upon plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3). Plaintiff submitted an affidavit of financial status in support of his motion. For the following reasons, the court recommends that plaintiff's motion be denied.

Section 1915(a) of Title 28, United States Code sets forth the circumstances under which an individual is allowed to bring proceedings *in forma pauperis*. That statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses showing that the person is unable to pay such fees or give security therefor."[1] The statute is intended to benefit those who are too poor to pay or give security for the costs of litigation.[2] Proceeding *in forma pauperis* in a civil case "is a privilege, not a right—fundamental or otherwise."[3] The decision to grant or deny *in forma pauperis* status under Section 1915 lies within the sound discretion of the

---

[1] 28 U.S.C. § 1915(a)(1). The statute applies to all persons applying for *in forma pauperis* status, and not just prisoners. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005) (citations omitted).

[2] *Zeller v. Astrue*, No. 08–4138–JAR, 2009 WL 902368, at *1 (D.Kan. Mar. 31, 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

[3] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir.1998) (citation omitted).

trial court.[4] This is especially true in civil cases for damages wherein the courts should grant the privilege "sparingly."[5] In ruling on such applications, however, a court must not act arbitrarily or deny the application on erroneous grounds.[6] In construing the application and supporting financial affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.[7]

Plaintiff's affidavit of financial status indicates that he is 28 years old, employed, and has two dependents. Plaintiff is employed as a correctional officer for the United States Bureau of Prisons. His monthly income appears to exceed his monthly expenses by more than $800. He also has limited equity in two automobiles.

Based on this information, plaintiff has not established that his access to the courts would otherwise be seriously impaired if he is not granted *in forma pauperis* status. The court finds that plaintiff has sufficient financial resources to pay the $400 filing fee.

The Tenth Circuit has held that magistrate judges do not have authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is the functional

---

[4] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir.1998) (citation omitted).

[5] *Phillips v. Humble*, No. 07–2452–JAR, 2008 WL 834161, at *1 (D.Kan. Mar. 24, 2008); *Zhu v. Countrywide Realty Co.*, 148 F.Supp.2d 1154, 1156 (D.Kan.2001) (citation omitted).

[6] *Lister*, 408 F.3d at 1313.

[7] See, e.g., *Mays v. Kansas City, Kansas Police Dept.*, No. 15-9047-CM, 2015 WL 3948101, at *1 (D. Kan. June 29, 2015)(adopting report and recommendation that motion be denied where plaintiff's net income exceeded her monthly expenses by more than $500.00); *Alexander v. Wichita Housing Auth.*, No. 07–1149–JTM, 2007 WL 2316902, at *1 (D.Kan. Aug. 9, 2007) (adopting report and recommendation that motion be denied where plaintiff's net income exceeded his monthly expenses by more than $700.00); *Patillo v. N. Am. Van Lines, Inc.*, No. 02–2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002) (denying motion where plaintiff and spouse had monthly net income of $2,000.00 and monthly expenses of $1715.00); *Webb v. Cessna Aircraft*, No. 00–2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

equivalent of involuntary dismissal.[8]  The undersigned Magistrate Judge therefore submits to the District Judge the following Report and Recommendation regarding plaintiff's motion.

**IT IS THEREFORE RECOMMENDED** that plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied.  It is further recommended that if plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling.

**IT IS THEREFORE ORDERED** that a copy of this Report and Recommendation shall be sent to plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72, and D. Kan. R. 72.1.4, plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to this case, his written objections to the findings of fact, conclusions or law, or recommendation of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14–day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated April 11, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge

---

[8] Lister, 408 F.3d at 1311–12.