# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANDREW NEIGHBORS,

    Plaintiff,

v.

BRANDON SMITH,

    Defendant.

Case No. 17-cv-04028-DDC-KGS

## MEMORANDUM AND ORDER

On April 11, 2017, Judge Sebelius denied plaintiff's Motion for Leave to Proceed In Forma Pauperis. Doc. 4. As Judge Sebelius explained, his Report and Recommendation provided plaintiff with the right to file objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a), within 14 days after service. Doc. 4 at 3. He also advised plaintiff that failing to make a timely objection to the Report and Recommendation would waive any right to appellate review of the proposed findings of fact, conclusions of law, and recommended disposition. *See id.* (explaining that "[i]f no objections are timely filed, no appellate review will be allowed by any court"). The Clerk sent a copy of the Report and Recommendation to plaintiff by both regular and certified mail. *See* Docket Entry for Doc. 4 ("Mailed to pro se party pl[a]intiff Andrew Neighbors by certified mail. Certified Tracking Number: 70102780000319280406.").

Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred on April 11, 2017, when the Clerk mailed the Report and

Recommendation to plaintiff.  *See* Doc. 4.  The time for plaintiff to file objections to the Report and Recommendation thus expired April 25, 2017.

On April 12, 2017, plaintiff filed a document he titled "Motion to be Exempt from Paying Filing Fees."  Doc. 5.  In this document, plaintiff argues, among other things, that the court should exempt him from paying filing fees for various reasons.  Because plaintiff brings this lawsuit pro se,[1] the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court cannot assume the role of plaintiff's advocate and plaintiff's pro se status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  The court thus construes plaintiff's Motion to be Exempt from Paying Filing Fees liberally and understands it to present a timely objection to Judge Sebelius's Report and Recommendation.

Under Rule 72(a), the court may review a magistrate judge's order denying a motion to proceed in forma pauperis.  *Holton v. Virtual Inventories, Inc.*, No. 10-2518-WEB, 2010 WL

---

[1] In several filings, plaintiff refers to himself as proceeding "in propria persona" and states that this designation prevents the court from holding him to the same standard as a licensed attorney.  *See* Doc. 5 at 3.  As noted above, the *pro se* standard in our Circuit requires courts to hold a *pro se* litigant's filings to a *less* stringent standard than formal pleadings drafts by lawyers.  *Hall*, 935 F.2d at 1110.  The court applies this standard because the Tenth Circuit requires it.  But the standard also appears to conform to plaintiff's request that the court not hold him to the same standard as a licensed attorney.

Although the terms "in propria persona" and "pro se" once had slightly different meanings under former rules of pleading, the terms no longer have distinct legal meanings.  *Braun v. Stotts*, No. 93-3118-GTV, 1997 WL 383034, at *1 (D. Kan. June 19, 1997), *aff'd*, 134 F.3d 382 (10th Cir. 1998).  Indeed, "[c]ourts have continued to use the phrases *in propria persona* and *pro se* interchangeably and synonymously."  *Id.* (citation omitted); *see also United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 12 n.3 (D.D.C. 2003) (noting that "the terms *pro se* and *pro persona (pro per)* are analogous" (citing Black's Law Dictionary (7th ed. 1999))), *aff'd ub nom*, *Rockefeller ex rel. United States v. Washington TRU Sols., LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004); *Wik v. Kunego*, No. 11-CV-6205-CJS, 2014 WL 1746477, at *5 (W.D.N.Y. Apr. 30, 2014) ("*Pro se* is synonymous with *in propria persona*.  The court understands Plaintiff's status as a person representing himself." (citations omitted)).

4628636, at *1 (D. Kan. Nov. 8, 2010). But the court may set aside or modify such an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). In contrast, the contrary-to-law standard permits the district court to conduct an independent review of the magistrate judge's purely legal determinations. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citing *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

Plaintiff's objection invokes only the contrary-to-law standard. In his objection, plaintiff contends that Judge Sebelius's Report and Recommendation is incorrect and the court should grant his motion to proceed in forma pauperis because the Supreme Court has held that "natural individuals," such as himself, are "entitled to relief [and] entitled to free access to the court." Doc. 5 at 3. Plaintiff relies on the following phrase from *Crandall v. Nevada* for support: "every citizen of the United States from the most remote States or territories, is entitled to free access, not only to the principal departments established at Washington, but also to its judicial tribunals and public offices in every State in the Union . . . ." 73 U.S. 35, 48 (1867) (citation omitted). But *Crandall* does not exempt all persons from paying filing fees. Instead, it prohibits

3

states from imposing a tax on those wishing to enter their territories or harbors. *Id.* at 49. Indeed, the rest of the passage that plaintiff quotes states:

> "For all the great purposes for which the Federal government was formed we are one people, with one common country. We are all citizens of the United States, and as members of the same community must have the right to pass and repass through every part of it without interruption, as freely as in our own States."

*Id.* at 48–49 (*The Passenger Cases*, 48 U.S. 283, 492 (1849)). *Crandall* thus does not support plaintiff's objection to Judge Sebelius's Report and Recommendation.

Plaintiff also cites several other cases to support his objection, but they all suffer from the same problem as *Crandall*—they do not permit litigants to proceed in court without paying filing fees. After reviewing Judge Sebelius's Report and Recommendation and the evidence plaintiff submitted to him, the court concludes that his decision was not contrary to law or clearly erroneous.

The court notes, however, that plaintiff's financial affidavit is unclear about his monthly income. Plaintiff includes both a monthly income figure and weekly income figure. When comparing these two figures, the monthly figure does not add up to four times the weekly figure—or even four and one-half times the weekly figure—as it should. It is possible, then, that plaintiff's financial affidavit made an error that contributed to the decision to deny plaintiff's Motion for Leave to Proceed In Forma Pauperis. But plaintiff has not objected to Judge Sebelius's evaluation of the evidence, and, due to the lack of clarity in plaintiff's financial affidavit, the court is not left with the definite and firm conviction that a mistake has been committed. The court thus concludes that Judge Sebelius's Report and Recommendation is not clearly erroneous. The court therefore accepts, adopts, and affirms Judge Sebelius's Report and Recommendation. If plaintiff chooses to renew his motion based on a clearer financial affidavit, this Order does not forbid it.

One final note: plaintiff's objection indicates that he "will not be paying the filing fee to file his civil actions in federal court." Doc. 5 at 3. The court cautions plaintiff. Failing to pay the filing fee may result in dismissal of his action. *See Cosby v. Meadors*, 351 F.3d 1324, 1331–33 (10th Cir. 2003) (affirming a district court's order dismissing a plaintiff's complaint for failure to pay the filing fee).

**IT IS THEREFORE ORDERED THAT** Andrew Neighbors's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is denied without prejudice and the court adopts Judge Sebelius's Report and Recommendation (Doc. 4).

**IT IS FURTHER ORDERED THAT** Andrew Neighbor's Motion to be Exempt from Paying Filing Fees (Doc. 5) is denied.

**IT IS SO ORDERED.**

**Dated this 11th day of May, 2017, at Topeka, Kansas**

          **s/ Daniel D. Crabtree**
          **Daniel D. Crabtree**
          **United States District Judge**