# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANDREW NEIGHBORS,

    Plaintiff,

v.

BRANDON SMITH,

    Defendant.

Case No. 17-cv-04028-DDC-KGS

## MEMORANDUM AND ORDER

On April 11, 2017, Judge Sebelius issued a Report and Recommendation denying plaintiff's Motion for Leave to Proceed In Forma Pauperis. Doc. 4. On April 12, 2017, plaintiff filed a document he titled "Motion to be Exempt from Paying Filing Fees." Doc. 5. The court considered this document as an objection to Judge Sebelius's Report and Recommendation. Doc. 8 at 2. The court denied plaintiff's objection and adopted Judge Sebelius's Report and Recommendation on May 11, 2017. *Id.* at 5.

Fifteen days later, plaintiff filed a document he titled "Andrew Neighbors['s] Objection to the Judge/Court Denying Him to Proceed Without Payment of Fees and Request for Recon[s]ideration." Doc. 9. Because plaintiff brings this lawsuit pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).[1] But the court cannot assume the role of plaintiff's advocate and plaintiff's pro se status does not excuse him from "the

---

[1] In several filings, plaintiff refers to himself as proceeding "in propria persona." *See* Doc. 9 at 1. As noted above, the pro se standard in our Circuit requires courts to hold a pro se litigant's filings to a less stringent standard than formal pleadings drafts by lawyers. *Hall*, 935 F.2d at 1110. The court applies this standard because the Tenth Circuit requires it. Also, though the terms "in propria persona" and "pro se" once had slightly different legal meanings under former rules of pleading, the terms no longer have distinct meanings. *Braun v. Stotts*, No. 93-3118-GTV, 1997 WL 383034, at *1 (D. Kan. June 19, 1997), *aff'd*, 134 F.3d 382 (10th Cir. 1998). Indeed, "[c]ourts have continued to use the phrases *in propria persona* and *pro se* interchangeably and synonymously." *Id.* (citation omitted).

burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The court thus construes this filing as one presenting a motion for reconsideration under D. Kan. Rule 7.3(b) and considers it on that basis.

Under D. Kan. Rule 7.3(b), a party may seek review of a non-dispositive order "within 14 days after the order is filed." The rule requires a movant to base its motion for reconsideration on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). So, "a motion for reconsideration is appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012). "The decision whether to grant a motion to reconsider is committed to the district court's discretion." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

In his motion to reconsider, plaintiff reiterates his earlier argument that the Supreme Court has held that "natural individuals," such as he is, are "entitled to relief [and] entitled to free access to the court." *Id.* at 3. The court rejected this argument previously because none of the case law plaintiff relied on "permit[s] litigants to proceed in court without paying filing fees." Doc. 8 at 4. Plaintiff's motion to reconsider recites the exact same argument and case law as his

2

Motion to be Exempt from Paying Filing Fees.  The court therefore denies his motion for the same reasons it denied his Motion to be Exempt from Paying Filing Fees.  *See* Doc. 8.

Plaintiff's motion to reconsider also includes a section titled "Acceptance of Constitutions and Oath of Office."  Doc. 9 at 2.  This section is hard to follow and, frankly, the court cannot discern its intended meaning.  Whatever its intent, plaintiff's apparent attempt to bind the court and its officers to a contract through his "Acceptance of Constitutions and Oath of Office" is improper, and it has no legal effect or consequence to this action.

**IT IS THEREFORE ORDERED THAT** Andrew Neighbors's Objection to the Judge/Court Denying Him to Proceed Without Payment of Fees and Request for Recondideration (Doc. 9) is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of June, 2017, at Topeka, Kansas**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**